UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASIR KHAZAAL FARIS,

                            Plaintiff,

v.

LOWE'S HOME IMPROVEMENT
CORPORATE, *et al.*,

                           Defendants,

_____/

Case No.: 2:26-cv-10229

Brandy R. McMillion
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## <u>ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 30)</u>

Pending before the Court is Plaintiff Yasir Khazaal Faris' *Motion to Compel Discovery Under Fed. R. Civ. P. 37* (ECF No. 30).  On February 27, 2026, the case was referred to the undersigned for all pretrial matters.  (ECF No. 17).

On May 26, 2026, Plaintiff moved to compel production of recorded telephone calls between him and human resources and an email chain between him, the district manager, and the store manager.  (ECF No. 30, PageID.304). Plaintiff states that Defendants' response was due May 13, 2026,[1] but their responses were "incomplete, improper, or no response was served."  (*Id.*).  Plaintiff certified that he "conferred or attempted in good faith to confer with [defense

---

[1] Plaintiff's email to counsel for Defendants reflects a deadline of May 23, 2026. (ECF No. 31, PageID.330).

counsel] by email/phone in an effort to obtain the requested discovery without court action, but the dispute was not resolved." (*Id.* at PageID.305). Defendants respond that Plaintiff failed to comply with meet and confer requirements and the motion is now moot because they have responded to the outstanding requests. (ECF No. 31). Plaintiff did not file a reply addressing Defendants' arguments.

Plaintiff's motion is procedurally defective for several reasons. First, Plaintiff failed to comply with Local Rule 37.2, which requires that discovery motions "filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. L.R. 37.2. Plaintiff's motion does not provide a verbatim recitation of the request for production, nor did he attach the requests to his motion. That said, Defendants subsequently provided a copy of Plaintiff's requests, so the Court will not strike Plaintiff's motion on this basis.

And while Plaintiff's certified that he conducted a good faith meet and confer, Defendants provided the email exchange which indicates that Plaintiff simply emailed his discovery request on May 4, 2026, and then forwarded the same request on May 14, 2026, with a notation that states "Please check the email below." (ECF No. 31, PageID.330). In his initial email, Plaintiff requested a

response by May 23, 2026.  (*Id.*).  The Court finds that Plaintiff did not properly comply with the spirit of the Eastern District of Michigan Local Rules 7.1 and 37.1, Rule 37(a) of the Federal Rules of Civil Procedure, or the undersigned's Practice Guidelines.  At their core, the Local Rules and Federal Rules of Civil Procedure provide that the moving party must meet and confer in good faith with the party failing to respond to discovery requests in an effort to obtain it without court intervention or to narrow the areas of disagreement **prior to filing the motion**.  *See* E.D. Mich. L.R. 7.1(a), 37.1; Fed. R. of Civ. P. 37(a)(1).  Local Rule 7.1 concludes with a note that states:

> LR 7.1(a) requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues.  **The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone.**  Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations.  **But sending an email without engaging the other parties will not satisfy this rule**.

E.D. Mich. L.R. 7.1 (emphasis added).  Similarly, the undersigned's Practice Guidelines state, in relevant part:

> This meet-and-confer requirement is not satisfied by an email exchange or message left unanswered, or by mere compliance with L.R. 7.1, which requires the moving party to seek concurrence in a motion.  Rather, the Court requires **<u>actual voice contact with opposing counsel</u>**.  When a conference has not been conducted, the moving party is to submit a written statement to the Court outlining all steps taken to participate in a conference with the opposing party.

Any motion that fails to meet these requirements **will be struck** from the record.

United States Magistrate Judge Curtis Ivy, Jr.'s Practice Guidelines, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=55 (last accessed July 1, 2026) (emphasis in original).  The meet and confer requirement is not met simply by serving the discovery request and re-forwarding the discovery request prior to the opposing party's deadline to respond.  If Plaintiff made any attempts above and beyond the emails provided by Defendants, he did not "submit a written statement to the Court outlining all steps taken to participate in a conference with the opposing party" to inform the Court of any additional attempts he may have made.  *See* United States Magistrate Judge Curtis Ivy, Jr.'s Practice Guidelines.

Accordingly, it is **ORDERED** that Plaintiff's *Motion to Compel Discovery Under Fed. R. Civ. P. 37* (ECF No. 30) is **DENIED** without prejudice.  Since Defendants indicate that they have since complied with Plaintiff's requests, if Plaintiff feels the production is still incomplete, he may refile the motion after conducting a proper meet and confer.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 7, 2026.                                   s/Curtis Ivy, Jr.
                                                      Curtis Ivy, Jr.
                                                      United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2026, by electronic means and/or ordinary mail.


                                                      s/Sara Krause
                                                      Case Manager
                                                      (810) 341-7850